UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR-15-252-JSW-(KAW) |
| Plaintiff, ) | [PROPOSED] ORDER DETAINING DEFENDANT HUGH ROBINSON |
| v. ) | |
| HUGH ROBINSON, ) | |
| Defendant. ) | |

Defendant Hugh Robinson is charged in a Second Superseding Indictment with conspiring to commit theft of government property, theft of government property, and aggravated identity theft in violation of 18 U.S.C. §§ 371, 641, 1028A. On December 14, 2015, the United States moved for Robinson's detention as flight risk and as a danger to the community pursuant to 18 U.S.C. § 3142. The Magistrate Court set the matter for a detention hearing on April 28, May 4, and December 14, 2015, pursuant to 18 U.S.C. § 3142(f).

In preparation for the detention hearing, Pretrial Services prepared a bail report and at the hearing recommended that Robinson be detained as a danger to the community and as a flight risk. The bail report noted Robinson's prior criminal history, which included several arrest warrants, a conviction, and at the hearing Pretrial Services noted there were no adequate sureties.

At the December 14, 2015 hearing, the government proffered evidence that the Defendant was both a flight risk and a danger to the community. During the detention hearing the government

1  produced copies of U.S. Treasury checks with a value exceeding $237,000 that were found in the
2  Defendant's possession during the execution of a search warrant along with dozens of California State
3  Driver's licenses with the Defendant's picture on the identification document but the name matched one
4  of the U.S. Treasury checks found during the search.  The government also produced notebooks
5  containing hundreds of individuals' names, dates of birth, and Social Security numbers.
6      Moreover, the government proffered evidence that the Defendant's conduct following the
7  execution of the search warrant and his initial appearance in this case supported the conclusion that he is
8  a danger to the community.  When he was interviewed on April 21, 2015, the Defendant admitted to
9  obtaining stolen U.S. Treasury checks for a long period of time and he told the investigating IRS Special
10 Agent that he was planning a trip to Los Angeles to procure more stolen checks.  The Defendant offered
11 to assist the government in learning about the source of the stolen checks.  The Defendant's subsequent
12 decision not to cooperate with the government is irrelevant.  In terms of the factors to consider under
13 § 3142(g), it is relevant that the Defendant participated in his planned trip to obtain more stolen U.S.
14 Treasury checks along with co-defendant Gary Bostick after admitting to the charged conduct.
15     In addition, the government proffered that the Defendant failed to adhere to the protective order
16 issued by the District Court, and that he intended to manipulate the court.  The protective order
17 precluded the Defendant from discussing the evidence with anyone but his attorney but his recorded
18 phone calls indicate that he did not comply with the order over a period of months.  Aside from that
19 conduct, the Defendant stated that he intended to tell the District Court at sentencing that he engaged in
20 the charged conduct because he had a substance abuse problem as a ploy in order to be recommended to
21 the Residential Drug Abuse Program and to receive a reduced sentence.
22     On December 14, 2015, following a hearing pursuant to 18 U.S.C. § 3142(f), and considering
23 facts proffered and summarized above, the bail report, the alleged offense conduct in this case, and the
24 factors set forth in 18 U.S.C. § 3142(g), the Court ordered defendant detained, as no condition or
25 combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person
26 and the community or mitigate the risk of flight.  *See* 18 U.S.C. § 3142(e) and (f).
27 //
28 //

1  Accordingly, **IT IS HEREBY ORDERED** that Robinson be detained as no condition or
2  combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person
3  and the community and because there is a risk that he may flee.

**IT IS SO ORDERED.**

DATED:  1/29/16

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR-15-252-JSW (KAW)                                              3