1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,                    Case No. 15-cr-00252-JSW-1

8             Plaintiff,

9        v.                                       **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND FOR NEW TRIAL**

10   HUGH ROBINSON,

11             Defendant.                         Re: Dkt. No. 401

12

13       Now before the Court is Defendant Hugh Robinson's motion for entry of a judgment of

14   acquittal pursuant to Federal Rule of Criminal Procedure 29(c), or, alternatively, for an order

15   granting a new trial pursuant to Federal Rule of Criminal Procedure 33(a).  The Court has

16   considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY

17   DENIES Defendants' motion.

18                                          **BACKGROUND**

19       On October 31, 2016, a jury convicted Defendant Hugh Robinson ("Defendant") of one

20   count of conspiracy, in violation of 18 U.S.C. § 371, to commit theft of government money, in

21   violation of 18 U.S.C. § 641, as charged in Count One of the Second Superseding Indictment;

22   seven counts of theft of public money in violation of 18 U.S.C. § 641, as charged in Counts Two

23   through Eight of the Second Superseding Indictment; and seven counts of aggravated identity theft

24   in violation of 18 U.S.C. § 1028A, as charged in Counts Nine through Fifteen of the Second

25   Superseding Indictment.  (Jury Verdict, Dkt. No. 388.)

26       On October 27, 2016, Defendant moved for a judgment of acquittal at the close of the

27   prosecution's case, pursuant to Federal Rule of Criminal Procedure 29(a).  (Tr. 767-776.)  The

28   Court denied the motion.  (Tr. 776.)  After Defendant rested later that same day, Defendant

United States District Court
Northern District of California

1    renewed his Rule 29 motion, and the Court again denied the motion.  (Tr. 787.)

2         The Court shall address additional facts as necessary in its analysis.

3                                       **ANALYSIS**

4    **A.      Applicable Legal Standards.**

5              **1.      Federal Rule of Criminal Procedure 29 ("Rule 29").**

6         "A defendant may move for a judgment of acquittal, or renew such a motion, within 14

7    days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim.

8    P. 29(c)(1).  "It is well settled that a district court does not have unlimited discretion in resolving a

9    Rule 29(c) motion for judgment of acquittal."  *United States v. Dreitzler*, 577 F.2d 539, 545 (9th

10   Cir. 1978).  "[T]he relevant question is whether, after viewing the evidence in the light most

11   favorable to the prosecution, any rational trier of fact could have found the essential elements of

12   the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis

13   in original); *see also United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009).  It is the

14   "exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary

15   conflicts and draw reasonable inferences from proven facts."  *Dreitzler*, 577 F.2d at 545 (internal

16   quotations and citations omitted).

17             **2.      Federal Rule of Criminal Procedure 33 ("Rule 33").**

18        A "court may vacate any judgment and grant a new trial if the interests of justice so

19   requires."  Fed. R. Crim. P. 33(a).  A defendant may move for a new trial on the basis that the

20   verdict is contrary to the weight of the evidence.  *See United States v. Kellington*, 217 F.3d 1084,

21   1097 (9th Cir. 2000).  In such a case, "[i]f the court concludes that, despite the abstract sufficiency

22   of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the

23   verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a

24   new trial, and submit the issues for determination by another jury."  *Id.* (quoting *United States v.*

25   *Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992)).  Although "[a] district court's power to grant a

26   motion for a new trial is much broader than its power to grant a motion for a judgment of

27   acquittal," the ultimate question for the Court to decide is whether a serious miscarriage of justice

28   would result if it denied the motion.  *United States v. Inzunza*, 638 F.3d 1006, 1026 (9th Cir. 2011)

United States District Court
Northern District of California

2

1    (quoting *Alston*, 974 F.2d at 1211).

2    **B.    The Court Denies Defendant's Rule 29(c) Motion.**

3         Defendant contends that the government failed to prove that Defendant committed

4    aggravated identity theft in violation of 18 U.S.C. § 1028A, as charged in Counts Nine through

5    Fifteen of the Second Superseding Indictment.  In particular, he contends that there is no evidence

6    that he knowingly used a false identification card or other "means of identification" as to counts 9

7    (Wilhelmina Brouette) and 10 (Gloria Larmour).

8         Defendant acknowledges that in *United States v. Blixt*, the Ninth Circuit held "that forging

9    another's signature constitutes the use of that person's name and thus qualifies as a 'means of

10   identification' under 18 U.S.C. § 1028A," and other circuits have endorsed this view.  *Blixt*,

11   548 F.3d 882, 886 (9th Cir. 2008); *see also United States v. Porter*, 745 F.3d 1035, 1042 (10th

12   Cir. 2014) ("a signature is a form of 'name' for purposes of § 1028(d)(7)'s definition of "means of

13   identification."); *United States v. Lewis*, 443 F. App'x 493, 496 (11th Cir. 2011) ("As the

14   signature of an individual's name specifically identifies that individual, we conclude that forging

15   another's signature constitutes the use of a "means of identification.").  Defendant seeks to

16   preserve an appellate challenge to the Ninth Circuit's holding in *Blixt*, but this Court, of course,

17   must follow the Ninth Circuit's existing law.

18        Moreover, even if the Court were free to review this issue, the Court would reject

19   Defendant's double jeopardy challenge to the holding of *Blixt*.  "The Double Jeopardy Clause

20   prohibits the imposition of multiple trials, convictions and punishments for the same offense."

21   *United States v. Arlt*, 252 F.3d 1032, 1035 (9th Cir.2001) (en banc).  In determining what

22   constitutes the "same offense," the Court considers the elements of each specific offense, and then

23   determines "whether each provision requires proof of an additional fact which the other does not."

24   *Id.* at 1036 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  The test "focuses

25   on the proof necessary to prove the statutory elements of each offense, rather than on the actual

26   evidence to be presented at trial."  *Id.* (quoting *Illinois v. Vitale*, 447 U.S. 410, 416 (1980)).  This

27   test is satisfied here.  *Compare* Model Crim. Jury Instr. 9th Cir. 8.39 (2010) (theft of government

28   money or property), *with* Model Crim. Jury Instr. 9th Cir. 8.83 (2010) (aggravated identity theft).

United States District Court
Northern District of California

1    Theft of government money and aggravated identity theft are not the same offense, and neither is a

2    lesser included offense of the other. *See United States v. Davenport*, 519 F.3d 940, 943 (9th Cir.

3    2008) ("If two different criminal statutory provisions indeed punish the same offense or one is a

4    lesser included offense of the other, then conviction under both is presumed to violate

5    congressional intent.").

6          Defendant further argues that even under *Blixt*, the government's proof at trial was

7    insufficient to support the jury's verdict that Defendant forged the signatures on the back of the

8    Brouette check (Count 9) or the Larmour check (Count 10).  Defendant also argues that the

9    government's proof was insufficient to support the jury's verdict that Defendant committed theft

10   of public money as to the Larmour check (Count 3).  Having heard the evidence at trial, the Court

11   finds that there was ample circumstantial evidence to support the jury's verdict as to these counts,

12   despite the fact that Ms. Larmour did not testify.  For example, witness William Odom testified

13   that he was a cashier at the Hilltop Mall Walmart in Richmond, California, and was paid by

14   Defendant (and by no one outside of Defendant's conspiracy) to allow Defendant, co-defendant

15   Devonnie Davison, and co-defendant Brandon Robinson to cash treasury checks on Walmart's

16   Certegy system without matching identification.  (Tr. 400-68.)  Odom also identified Defendant in

17   March 18, 2014 Walmart surveillance footage which shows Odom helping Defendant cash a series

18   of checks.  (Tr. 454-66; Exh. 268.)  Contemporaneous Certegy records and the processing

19   information Walmart printed on the checks indicated that within one hour, Odom was the cashier

20   for treasury checks issued to Wilhelmina Brouette, Gloria Larmour, and Henry Fisher.  (Exhs. 79,

21   267, 268.)  The check in the name of Gloria Larmour was cashed one minute and 49 seconds after

22   the check in the name of Wilhelmina Brouette.  (*Id.*)  The jury was also shown the signature on the

23   treasury check issued to Gloria Larmour, which is strikingly similar to the signatures on the

24   Wilhelmina Brouette and Henry Fisher treasury checks.  (Exh. 79.)  Wilhelmina Brouette testified

25   that she did not give anyone permission to cash her treasury check.  (Tr. 762-66.)  Certified tax

26   records show that a 2013 return was filed in Henry Fisher's name, and yet California death records

27   show that when Odom cashed Henry Fisher's treasury check, Henry Fisher had been deceased for

28   almost 45 years.  (Exhs. 3, 79, 81.)  This evidence is sufficient for a rational trier of fact to have

United States District Court
Northern District of California

1    found the essential elements of Counts 3, 9, and 10 beyond a reasonable doubt.  It is combined,

2    moreover, with additional evidence that the Court heard at trial, much of which is discussed in the

3    government's opposition to Defendant's motion, which the Court also finds to support denial of

4    the motion.

5        With regard to Counts 9 and 10, the Court further notes that in addition to the signatures,

6    the checks bore Larmour's and Brouette's printed names, which also are "means of identification."

7    *United States v. Alexander*, 725 F.3d 1117, 1121 (9th Cir. 2013).  Defendant's contention that

8    cashier William Odom was not deceived by the names on the checks does not change this

9    outcome, because the Defendant still used the false means of identification — the names and

10   signatures — to ensure that the check was processed by Walmart and Certegy and paid by the

11   United States Treasury.

12       Having heard the evidence at trial and reviewed the parties' papers, the Court also finds

13   that the evidence at trial was sufficient for a rational trier of fact to find all elements of the

14   remaining counts of conviction.  Additionally, with regard to Defendant's conviction for

15   conspiracy, in violation of 18 U.S.C. § 371, to commit theft of government money, in violation of

16   18 U.S.C. § 641, as charged in Count One of the Second Superseding Indictment, the Court notes

17   that it instructed the jury on multiple conspiracies as requested by Defendant, thus addressing

18   Defendant's previous motion on this issue.  (Tr. 768-69, 814-16.)

19       Accordingly, the Court DENIES Defendant's renewed motion for entry of a judgment of

20   acquittal.

21   **C.    The Court Denies Defendant's Rule 33(a) Motion.**

22       Defendant alternatively moves for a new trial pursuant to Federal Rule of Criminal

23   Procedure 33.  Defendant requests that the Court exercise its discretion to grant Defendant a new

24   trial, arguing:

25           Several of the government witnesses, such as Odom, Blake, and
             Lewis, testified as cooperative witnesses.  Their testimony should
             have been viewed with suspicion and carefully examined by the
26           jury.  [*See*] *United States v. Bernal-Obeso*, 989 F.2d 331, 333-334
             (9th Cir. 1993).  Yet the jury here seemed to rush deliberations and
27           convict in a very short time.

28   (Mot. at 8.)

5

1        In addition to instructing the jury regarding its duty to deliberate and regarding the

2    credibility of witnesses in general, the Court instructed the jury regarding its consideration of

3    witnesses involving special circumstances, specifically instructing the jury to consider that

4    witnesses Blake, Odom, and Lewis received benefits from the government in connection with this

5    case.  (Jury Instructions, Dkt. No. 389, at 15; *see also* 9th Cir. Model Instruction No. 4.9.)  This

6    Court generally presumes that jurors follow their instructions. *See, e.g.*, *Richardson v. Marsh*,

7    481 U.S. 200, 211 (1987).  Many reasons, including the strength and clarity of the government's

8    case, may explain the length of deliberations.  Having heard the evidence at trial, the Court finds

9    that the jury's verdict was supported by the evidence and that the interests of justice do not favor a

10   new trial.

11        Accordingly, the Court DENIES the Defendants' motion for new trial.

12                                    **CONCLUSION**

13        For the reasons set forth above, the Court DENIES Defendant's renewed motion for entry

14   of a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).  The Court also

15   DENIES Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a).

16        The parties shall appear as scheduled for sentencing on February 7, 2017 at 1:00 p.m.

17        **IT IS SO ORDERED.**

18   Dated: December 22, 2016

19

20   _____

21   JEFFREY S. WHITE
     United States District Judge

22

23

24

25

26

27

28