UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGH ROBINSON,<br><br>Defendant. | Case No. 15-cr-00252-JSW-1<br><br>**ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 892 |

Now before the Court for consideration is the motion for compassionate release filed by Defendant Hugh Robinson ("Defendant") pursuant to 18 U.S.C. section 3582(c) ("Section 3582"). The Court has considered Defendant's motion, and it concludes the motion does not require a response from the Government and is suitable for disposition without oral argument. For the following reasons, the Court DENIES Defendant's motion.

**BACKGROUND**

On October 31, 2016, a jury convicted Defendant of fifteen counts of conspiracy to defraud the United States, in violation of 18 U.S.C. section 371, seven counts of theft of public money, in violation of 18 U.S.C. section 641, and seven counts of aggravated identity theft, in violation of 18 U.S.C. section 1028A. On February 7, 2017, the Court sentenced Defendant to 144 months in custody, followed by 3 years of supervised release.

On December 13, 2021, Defendant, acting *pro se*, filed a motion for compassionate release, which the Court denied. (*See* Dkt. No. 880, ("2/11/2022 Order").) On January 23, 2023, Defendant filed a second motion for compassionate release. Defendant argues compassionate release is warranted because (1) the agent who arrested him has been convicted on federal crimes; (2) he has engaged in rehabilitation efforts; (3) he is unlikely to reoffend; and (4) the length of his

sentence is too long for this case. (Dkt. No. 892 at 3.)

**ANALYSIS**

As an initial matter, the Court must address whether Defendant has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). In connection with his prior motion for compassionate release, Defendant submitted a request for compassionate release to the warden of FCI Lompoc, which was apparently based on Defendant's medical conditions and the risk of COVID-19. (*See* Dkt. No. 873 at 6.) It does not appear that Defendant has submitted a new request to the warden addressing his current basis for compassionate release. Some courts have determined that a defendant must re-exhaust administrative remedies before the Court will consider a renewed motion for compassionate release based on new or additional allegations. *See United States v. Posey*, No. CR18-280RSL, 2021 WL 1172223, at *4 (W.D. Wash. Mar. 29, 2021) (collecting cases).

However, even if Defendant's initial request to the warden satisfied the exhaustion requirement, the Court concludes that Defendant has not established that extraordinary and compelling reasons exist to justify compassionate release. "Extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, or "other reasons." U.S.S.G. § 1B1.13, cmt. n.1 (A)-(D). Moreover, the Ninth Circuit has held that "the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "'[D]istrict courts are empowered ... to consider *any* extraordinary and compelling reason for release that a defendant may raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)) (emphasis in original).

Here, Defendant's arguments regarding his rehabilitation efforts, the length of his sentence, and the nature of his crime were raised and rejected in the Court's order denying Defendant's first motion for compassionate release. (2/11/2022 Order at 4-6.) Defendant has not shown reconsideration of those issues is warranted, and the Court sees no reason to revisit its prior conclusions on these points. The Court also concludes that Defendant's new allegations regarding

his arresting agent do not constitute extraordinary and compelling circumstances to justify compassionate release. These allegations do not fall within any of the circumstances warranting compassionate release set forth in the Sentencing Commission's policy statement. Nor does the Court find, in its discretion, that these allegations, whether viewed separately or taken together with Defendant's other arguments, present extraordinary and compelling reasons for compassionate release.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion. The Clerk is directed to serve a copy of this Order on Defendant

**IT IS SO ORDERED.**

Dated: August 30, 2023

_____
JEFFREY S. WHITE
United States District Judge